IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DONALD RAY BOULDIN | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-05-CV-1991-D |
| | § | |
| LAWRENCE GLENN, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Plaintiff Donald Ray Bouldin, a Texas prisoner, against Officer Lawrence Glenn and the Dawson State Jail, a private prison operated by Corrections Corporation of America ("CCA"). On October 6, 2005, plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. A *Spears*[1] questionnaire then was sent to plaintiff in order to obtain additional information about the factual basis of his suit. Plaintiff answered the questionnaire on October 21, 2005. The court now

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

determines that plaintiff should be allowed to prosecute his excessive force claim against Glenn. His other claims should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

II.

On or about December 31, 2004, plaintiff alleges that he observed Officer Glenn sitting on a counter top with his feet propped up on a chair. When Glenn reprimanded plaintiff for sitting or leaning on a table in the day room area, plaintiff reminded Glenn that prison regulations also prohibited corrections officers from sitting on desk or counter tops. In response that comment, Glenn became "enraged" and ordered plaintiff into the hallway to explain himself. Plaintiff complied. Once in the hallway, Glenn yelled at plaintiff and shoved him to the ground with such force that plaintiff injured his back and neck. Plaintiff now sues Glenn and his former employer, the Dawson State Jail and CCA, for civil rights violations under 42 U.S.C. § 1983.[2] By this suit, plaintiff seeks unspecified money damages and criminal charges against Glenn.

III.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

    (1)    is frivolous or malicious;

    (2)    fails to state a claim upon which relief can be granted; or

    (3)    seeks money relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989); *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir.), *cert. denied*, 111 S.Ct. 2863 (1991). A complaint fails to

---

[2] In response to his Step 1 grievance, prison officials advised plaintiff that Glenn is no longer employed by the Dawson State Jail or CCA.

state a claim "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). The court must assume that the facts set forth in the complaint are true. *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164, 113 S.Ct. 1160, 1161, 122 L.Ed.2d 517 (1993). However, dismissal is proper where "even the most sympathetic reading of [the] pleadings uncovers no theory and no facts that would subject the present defendants to liability." *Jacquez v. Procunier*, 801 F.2d 789, 791-92 (5th Cir. 1986).

A.

Plaintiff's excessive force claim arises under the due process clause of the Fourteenth Amendment to United States Constitution. *See Valencia v. Wiggins*, 981 F.2d 1440, 1445 (5th Cir.), *cert. denied*, 113 S.Ct. S.Ct. 2998 (1993) (substantive due process standard applies to excessive force claim against jail officials). In such cases, the relevant inquiry is "whether force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm." *Id.* at 1446, *citing Hudson v. McMillian*, 503 U.S. 1, 6, 112 S.Ct. 995, 998, 117 L.Ed.2d 156 (1992); *see also Searcy v. Cooper*, No. 3-01-CV-0112-BC, 2002 WL 535058 at *3 (N.D. Tex. Apr. 9, 2002).

Plaintiff alleges that Glenn pushed him to the ground without adequate provocation and for no apparent reason. As a result of this incident, plaintiff sustained two bulging discs in his back and neck. (*See Spears* Quest. #1). These facts, if proved, are sufficient to state an excessive force claim against Glenn.

B.

The court reaches a different conclusion with respect to plaintiff's claim against the Dawson State Jail and CCA. In order to establish liability against these defendants, plaintiff must show that

Glenn's actions resulted from an official policy, custom or practice. *Monell v. Dep't of Social Services of New York*, 436 U.S. 658, 694, 98 S.Ct. 2018, 2037, 56 L.Ed.2d 611 (1978). *See also Eldridge v. CCA Dawson State Jail*, No. 3-04-CV-1312-M, 2004 WL 1873035 at *2 (N.D. Tex. Aug. 19, 2004), *rec. adopted*, 2004 WL 2075423 (N.D. Tex. Sept. 16, 2004) (applying *Monell* standard to civil rights claim against Dawson State Jail and CCA). In his grievances to prison officials, plaintiff alleged that Glenn acted contrary to TDCJ guidelines. (*See* Plf. Compl., Step 2 Grievance). Plaintiff makes no claim that the guidelines themselves are unconstitutional. Therefore, plaintiff has failed to state a claim for relief against the Dawson State Jail or CCA. *See Eldridge*, 2004 WL 1873035 at *2.[3]

## RECOMMENDATION

Plaintiff should be allowed to prosecute his excessive force claim against Officer Lawrence Glenn. His other claims should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

---

[3] To the extent plaintiff seeks relief against these defendants under a "failure to train" theory, such a claim also fails as a matter of law. A single incident of excessive force is not adequate to show that Glenn was inadequately trained by defendants. *See Estate of Davis v. City of North Richland Hills*, 406 F.3d 375, 382-83 (5th Cir. 2005), *citing Snyder v. Trepagnier*, 142 F.3d 791, 799 (5th Cir. 1998), *cert. dism'd*, 119 S.Ct. 1493 (1999).

DATED:  November 2, 2005.

_____
JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE